**Grimm & Scholnick**
Attorneys at Law

15643 Sherman Way Suite 430
Van Nuys, California 91406
(818) 904-9400
Bar #64568

Attorney for Defendant(s) LISA GILLIAN YOUNG and DAVID KEYS

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

In re:

LISA GILLIAN YOUNG

Debtor

GERRY GALLAGHER,

Plaintiff

vs.

LISA GILLIAN YOUNG dba CASA;
DAVID KEYS and DOES 1 to 100

Defendant(s)

Chap. 11
Case No.: 6:10-bk-33366-SC
6:10-ap-1523-SC / 6:10-ap-1643-SC

DEFENDANT(S) LISA GILLIAN YOUNG
AND DAVID KEYS TRIAL BRIEF

Date: August 31, 2011
Time: 9:00am
Location: Room 5C

## I.

## FACTS

This adversary proceeding arises out of the Chapter 11 bankruptcy captioned above. Defendant LISA GILLIAN YOUNG ("YOUNG") filed her Chapter 11 Petition on July 26,

2010. This particular action filed by GERRY GALLAGHER ("GALLAGHER") as against YOUNG and DAVID KEYS ("KEYS") concerns the real property commonly described as 24520 Dry Canyon Cold Creek Road, Calabasas, California 91302 ("PREMISES").

On October 5, 2008, GALLAGHER entered into a residential lease agreement with KEYS AND YOUNG, landlords of the subject premises. The agreement commenced December 10, 2008, and terminated December 9, 2015. Rent was payable on the 10th of the month, at a rate of $12,000/month. Per the agreement, GALLAGHER was required to pay the first and last month's rent, and a security deposit of $12,000. Rent was considered overdue and delinquent on the 11th day of each calendar month.

On November 8, 2008, GALLAGHER, KEYS, and YOUNG entered into a subsequent agreement, a lease to purchase option agreement. This agreement essentially granted GALLAGHER an option to purchase the premises at the end of the lease term of the residential lease agreement mentioned above.

GALLAGHER contends that he continuously paid rent, whereby YOUNG and KEYS used his rent payment for personal use instead of satisfying their obligation to the lenders. However, GALLAGHER was continuously and systematically late in paying his rental obligations, often paying half of the rent well after the 10th of the month, and the other half later the next month. YOUNG used his payments when received to satisfy the lenders until she attempted a loan modification.

In an attempt to modify her mortgage agreement with the lender, YOUNG was advised and told the only way to negotiate a modification was to default. YOUNG did so, but a modification agreement could not be reached. Additionally, because GALLAGHER was consistently late with his rental payments, any attempt by YOUNG to cure the default was futile. This caused the lender to foreclose by trustee sale on December 17, 2010.

GALLAGHER further contends that YOUNG and KEYS refused to repair a defective heater and built-in refrigerator in need of repair. YOUNG and KEYS attempted to reconcile these issues as expeditiously as possible.

//

GALLAGHER requests declaratory relief with respect to each parties rights and obligations as to the aforementioned residential lease agreement, that the lease agreement be rejected under 11 U.S.C 365, and that defendants be determined in breach. Further, GALLAGHER requests a declaratory judgment enjoining Defendants from commencing eviction proceedings against GALLAGHER. An unlawful detainer was previously commenced in relation with this action, but was immediately dismissed by YOUNG and KEYS in good faith, upon foreclosure of the premises by lender. The unlawful detainer was rendered moot since neither YOUNG nor KEYS had the power to initiate an unlawful detainer subsequent to foreclosure. It follows that GALLAGHERS request to enjoin Defendants is a moot request, since Defendants cannot do what GALLAGHER is seeking to enjoin.

As to GALLAGHER's other requests for declaratory relief, each request is moot following the foreclosure on the premises. Even if they were not, YOUNG and KEYS contend that GALLAGHER was in fact in breach for his failure to timely pay his rental obligations.

## II.
## ADMISSIONS AND STIPULATIONS

None.

## III.
## SUMMARY OF POINTS OF LAW INVOLVED

There is one certain rule of law controlling the outcome of this action and rendering GALLAGHER's entire complaint moot. "There is no dispute that the general rule is that foreclosure of a senior encumbrance terminates subordinate liens, including leases." Miscione v. Barton Devlopment Co., (1997) 52 Cal.App.4th 1320, 1326, *citing* Hohn v. Riverside County Flood Control etc. Dist. (1964) 228 Cal.App.2d 605, 613. The Miscione court went on to explain that "without an agreement to alter the priorities, neither ... [parties] would have had obligations under the lease after the foreclosure... the foreclosure would have terminated, 'wiped out,' the lease and all rights and obligations under it." Id. "The lender could consider the tenant as a trespasser, and the tenant would have no obligation to perform under the lease." Id.

//

---
3
Defendant(s) Trial Brief

1       Although parties can contractually agree to alter priorities to avoid this outcome, this did not occur in this case. On the contrary, paragraph 9 of the residential lease agreement clearly indicates that the lease is subordinate and junior to any other encumbrance on the premises. As such, judgment should be rendered in favor of Defendants as against Plaintiff as a matter of law.

## IV.
## ANTICIPATED EVIDENTIARY PROBLEMS

YOUNG and KEYS believe that GALLAGHER will attempt to introduce documents entirely irrelevant to the issues before this court.

Dated: August 12, 2011

GRIMM & SCHOLNICK

BY _____
ROBERT M. SCHOLNICK
Attorney for Defendant(s)
LISA GILLIAN YOUNG AND
DAVID KEYS

| In re: | CHAPTER 11 |
|---|---|
| Lisa Young                                                                 Debtor(s). | CASE NUMBER 6:10-ap-1523-SC<br>6:10-ap-1643-SC |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
29970 Technology Drive Suite 211
Murrieta, CA 92563

A true and correct copy of the foregoing document described: DEFENDANT(S) LISA GILLIAN YOUNG AND DAVID KEYS TRIAL BRIEF  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

<u>I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u> – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____8/12/11_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Kevin M Cortright    jk@cortrightlaw.com
- Carlos F Negrete    cnegrete1@hotmail.com, rsor@negretelaw.com; justine@negretelaw.com; cfnbknotice@gmail.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On __8/12/11_____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

**Defendants:**
Lisa Young/David Keys
2045 Araby Drive
Palm Springs, CA 92264

**Judge:**
Hon. Scott Clarkson
US Bankruptcy Court
411 W Fourth St., Ste. 5130
Santa Ana CA 92701-4593

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on____8/12/11_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

cnegrete1@hotmail.com, rsor@negretelaw.com; justine@negretelaw.com; cfnbknotice@gmail.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                         **F 9013-3.1**

| In re:<br>Lisa Young                          Debtor(s). | CHAPTER 11<br>CASE NUMBER 6:10-ap-1523-SC<br>6:10-ap-1643-SC |
|---|---|

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 8/12/11 | JENNIFER KRIES | *[signature]* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1