**Grimm & Scholnick**
Attorneys at Law

15643 Sherman Way Suite 430
Van Nuys, California 91406
(818) 904-9400
Bar #64568

Attorney for Defendant(s) LISA GILLIAN YOUNG and DAVID KEYS

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No.: 6:10-bk-33366-SC |
| LISA GILLIAN YOUNG | Adv. Case No. 6:10-ap-01523-SC |
| Debtor | 6:10-ap-1643-SC |
| | DEFENDANT(S) LISA GILLIAN YOUNG AND DAVID KEYS MOTION IN LIMINE TO EXCLUDE EVIDENCE AT TRIAL |
| GERRY GALLAGHER, | |
| Plaintiff | Date: August 31, 2011 |
| | Time: 9:00am |
| | Location: Room 5C |
| vs. | |
| LISA GILLIAN YOUNG dba CASA; DAVID KEYS and DOES 1 to 100 | |
| Defendant(s) | |

COMES NOW, the Defendant(s) LISA GILLIAN YOUNG and DAVID KEYS ("Defendant(s)"), and moves this Court for an order to instruct Plaintiff GERRY GALLAGHER ("GALLAGHER") as follows:

//

1.  GALLAGHER, counsel, and witnesses cannot introduce, suggest, refer to, or comment on, either directly or indirectly, any documentary evidence, electronically stored information, or tangible thing(s) that was not timely disclosed to Defendant(s) as required by Federal Rules of Civil Procedure ("FRCP") 26(a)(1)(A)(ii).

2.  GALLAGHER is directed to warn and instruct his witnesses, counsel, and associates not to make any reference to any such evidence and to follow this order.

This motion is made on the grounds that GALLAGHER has failed to disclose any evidence he intends to use at trial as required by FRCP 26(a)(1)(A)(ii). Use of undisclosed evidence that is required to be produced without a request is prejudicial to Defendant(s) ability to meaningfully defend the action against them. Any such evidence can only serve to surprise Defendant(s) and inhibit their investigation into matters that may be supported by GALLAGHER's undisclosed evidence. GALLAGHER cannot be permitted to obstruct production of the documents that it will use to support its case and then unveil those documents at trial. As such, the probative value of any such evidence is outweighed by the prejudicial effect to Defendant(s), and GALLAGHER should be precluded from using any or all undisclosed document pursuant to Federal Rules of Evidence 403.

This motion is based on the memorandum of points and authorities accompanying the motion, on the records on file in this action, on the declaration of ROBERT SCHOLNICK, and on any such evidence which may be presented at the hearing on this motion.

Dated: August 12, 2011

GRIMM & SCHOLNICK

BY _____
ROBERT M. SCHOLNICK
Attorney for Defendant(s)
LISA GILLIAN YOUNG AND
DAVID KEYS

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**DOCUMENTS THAT ARE REQUIRED TO BE PRODUCED UNDER THE FEDERAL RULES AND WHICH ARE CONCEALED FROM AN ADVERSE PARTY CANNOT BE INTRODUCED OR COMMENTED ON AT TRIAL.**

Per Federal Rules of Evidence 402, only relevant evidence is admissible at trial. Federal Rules of Evidence 403 grants the court discretion to exclude any evidence if the probative value of the evidence is substantially outweighed by undue prejudice, confusion of issues, or misleading the jury.

FRCP 26(a)(1)(A)(ii) reads, in pertinent part: "a party must, without waiting a discovery request, provide to the other parties ... a copy ... of all documents, electronically stored information, and tangible things that the disclosing party has in its possession ... and may use to support its claims." GALLAGHER has not provided Defendant(s) with any such documents.

In Milliken v. Bank of China, 758 F.Supp.2d 238, 245 (S.D.N.Y 2010), the Bank of China alleged an affirmative defense to Milliken's claim that it had a superior lien on an account superior to Milliken. "Accordingly, it was required pursuant to Rule 26(a)(1)(A)(ii) to disclose all documents supporting that representation." Id. The Bank failed to produce the document(s) supporting the affirmative defense in its initial disclosures, and The Milliken court held that The Bank was precluded from introducing any documents supporting its defense that it has any lien superior to Milliken's. Id. Similarly to the situation in Milliken, GALLAGHER has failed to disclose any document(s) to Defendant(s) that he plans to use to support the claims of his complaint as required by Rule 26. Accordingly, GALLAGHER should be precluded from introducing any documents to support the claims of his complaint because to do so would constitute unfair prejudice and surprise to Defendant(s).

FRCP 26(a)(1)(E) reads "a party is not excused from making its disclosures because it has not fully investigated the case, ... or because another party has not made its disclosures." Although Defendant(s) in this case also made no initial disclosures, any document Defendant(s) possess would be used solely to impeach GALLAGHER or his witnesses and their claims. Thus,

| | |
|---|---|
| 1 | Defendant(s) failure to make any initial disclosure should not preclude this motion nor |
| 2 | Defendant(s) use of any documentary evidence at trial. The undisclosed evidence only serves to |
| 3 | impeach the credibility of GALLAGHER's claims. GALLAGHER does not have this freedom, |
| 4 | and was required to disclose all documents supporting his claims. As mentioned above, |
| 5 | GALLAGHER cannot be permitted to obstruct production of the documents that it will use to |
| 6 | support its case and then unveil those documents at trial. |
| 7 | Therefore, since GALLAGHER failed to make any initial disclosures under FRCP 26, |
| 8 | GALLAGHER should be precluded from introducing, referring to, or commenting on any such |
| 9 | evidence. The probative value of the evidence is outweighed by the prejudicial effect where |
| 10 | GALLAGHER conceals documents and then attempts to use them at trial. |

## II.

## CONCLUSION

For the foregoing reasons, Defendant(s) respectfully request that their motion for an order excluding GALLAGHER from introducing, suggesting, referring to, or commenting on, either directly or indirectly, any documentary evidence, electronically stored information, or tangible thing(s) that was not timely disclosed to Defendant(s) as required by Federal Rules of Civil Procedure ("FRCP") 26(a)(1)(A)(ii) be granted.

Dated: August 12, 2011

GRIMM & SCHOLNICK

BY _____
ROBERT M. SCHOLNICK
Attorney for Defendant(s)
LISA GILLIAN YOUNG AND
DAVID KEYS

| In re:<br>Lisa Young | | CHAPTER 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER 6:10-ap-1523-SC<br>6:10-ap-1643-SC |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
29970 Technology Drive Suite 211
Murrieta, CA 92563
A true and correct copy of the foregoing document described: DEFENDANT(S) LISA GILLIAN YOUNG AND DAVID KEYS MOTION IN LIMINE TO EXCLUDE EVIDENCE AT TRIAL will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____8/17/11_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Kevin M Cortright    jk@cortrightlaw.com
- Carlos F Negrete    cnegrete1@hotmail.com, rsor@negretelaw.com; justine@negretelaw.com; cfnbknotice@gmail.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On ___8/17/11___ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Defendants:**
Lisa Young/David Keys
2045 Araby Drive
Palm Springs, CA 92264

**Judge:**
Hon. Scott Clarkson
US Bankruptcy Court
411 W Fourth St., Ste. 5130
Santa Ana CA 92701-4593

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____8/17/11_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.
cnegrete1@hotmail.com, rsor@negretelaw.com; justine@negretelaw.com; cfnbknotice@gmail.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 8/17/11 | JENNIFER KRIES | /s/ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    **F 9013-3.1**